# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ALISON O'DONNELL,** | ) | CASE NO. 1:16-cv-02480 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| **UNIVERSITY HOSPITALS HEALTH** | ) | **DEFENDANTS' ANSWER TO** |
| **SYSTEM,** *et al.,* | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Defendants University Hospitals Cleveland Medical Center, misnamed in the Complaint as University Hospitals Health Systems, Inc. ("UHHS"), Naveen Uli ("Uli"), Sumana Narasimhan ("Narasimhan"), Rose Gubitosi-Klug ("Gubitosi-Klug") and William Rebello ("Rebello") (collectively, "Defendants"), by and through the undersigned counsel, answer Plaintiff Alison O'Donnell's ("Plaintiff") Complaint against Defendants by stating and averring the following:

## PARTIES AND VENUE

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Defendants state that UHHS is a supporting organization for a multi-entity health care delivery system which includes a major medical complex in Cleveland, Ohio.  Further answering, Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      In response to Paragraph 7 of the Complaint, Defendants aver that the meaning of the phrase "at all times referenced herein" is vague and ambiguous.  Further answering, Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous.  Further answering, Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent this Court requires a response, Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     In response to Paragraph 11 of the Complaint, Defendants aver that the meaning of the phrase "at all times referenced herein" is vague and ambiguous.  Further answering, Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     In response to Paragraph 12 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous.  Further answering, Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent this Court requires a response, Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendants aver that the meaning of the phrase "at all times referenced herein" is vague and ambiguous. Further answering, Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous. Further answering, Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint sets forth a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants admit that this Court has subject matter jurisdiction.

20. Paragraph 20 of the Complaint sets forth a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claims.

21. In response to Paragraph 21 of the Complaint, Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, specifically, Charge No. 532-2013-01079, but deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 22 of the Complaint and, therefore, deny same.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 24 of the Complaint and, therefore, deny same.

25. In response to Paragraph 25 of the Complaint, Defendants aver that the meaning of the phrase "material events" is vague and ambiguous. Further answering, Defendants admit that the alleged events in the Complaint are alleged to have occurred in Cuyahoga and Ashtabula Counties.

26. Paragraph 26 of the Complaint sets forth a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants admit that venue is proper in this Court.

27. Paragraph 27 of the Complaint sets forth a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants admit that this Court has jurisdiction over Plaintiff's claims.

## **FACTS**

28. Upon information and belief, Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendants admit that a three-year fellowship program in Pediatric Endocrinology is offered at University Hospitals Rainbow Babies & Children's Hospital, but deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.     Upon information and belief, Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants, upon information and belief, admit the allegations contained in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous.  Further answering, Defendants state that Plaintiff's medical records, including any diagnoses listed therein, speak for themselves.

34.     In response to Paragraph 34 of the Complaint, Defendants state that Plaintiff's medical records, including any symptoms listed therein, speak for themselves.

35.     In response to Paragraph 35 of the Complaint, Defendants state that Plaintiff's medical records, including any symptoms listed therein, speak for themselves.

36.     In response to Paragraph 36 of the Complaint, Defendants state that Plaintiff's medical records, including any symptoms listed therein, speak for themselves.

37.     In response to Paragraph 37 of the Complaint, Defendants state that Plaintiff's medical records, including any symptoms listed therein, speak for themselves.

38.     In response to Paragraph 38 of the Complaint, Defendants state that Plaintiff's medical records, including any symptoms listed therein, speak for themselves.

39.     In response to Paragraph 39 of the Complaint, Defendants state that Plaintiff's medical records, including any symptoms listed therein, speak for themselves.

40.     In response to Paragraph 40 of the Complaint, Defendants state that Plaintiff's medical records, including any symptoms listed therein, speak for themselves.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     In response to Paragraph 45 of the Complaint, Defendants admit that Uli is physician, but deny the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49.     In response to Paragraph 49 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous.  Further answering, Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50.     In response to Paragraph 50 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous.  Further answering, Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53.     In response to Paragraph 53 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous.  Further answering, Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55.     In response to Paragraph 55 of the Complaint, Defendants aver that the meaning of the phrase "at all times material herein" is vague and ambiguous.  Further answering,

Defendants admit that Rebello is the Graduate Medical Education manager but deny the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint. Further answering, Defendants state that all fellows were provided with an orientation.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     In response to Paragraph 82 of the Complaint, Defendants admit that Plaintiff was disengaged during conferences, but deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint. Further answering, Defendants state that all fellows were provided with the required evaluations.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint. Further answering, Defendants state that all fellows were provided with the required evaluations.

91.     In response to Paragraph 91 of the Complaint, Defendants admit that Plaintiff's clinic notes were inadequate, but deny the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint. Further answering, Defendants state that all fellows were allowed to evaluate the faculty.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint. Further answering, Defendants state that all fellows were allowed to evaluate the faculty.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint. Further answering, Defendants state that all fellows were provided with the required evaluations.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint. Further answering, Defendants state that all fellows were provided with the required evaluations.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    In response to Paragraph 104, Defendants state that Plaintiff raised workplace concerns in writing during the fellowship, but Defendants deny the remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. In response to Paragraph 111, Defendants state that Plaintiff raised workplace concerns in writing during the fellowship, but Defendants deny the remaining allegations contained in Paragraph 111 of the Complaint.

112. In response to Paragraph 112, Defendants admit that Plaintiff met with Claudia Hoyen and Uli, but deny the remaining allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants admit that Plaintiff met with the Graduate Medical Evaluation Department in the spring of 2012, but deny the remaining allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122. Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 122 of the Complaint and, therefore, deny same.

123. Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 123 of the Complaint and, therefore, deny same.

124.    Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 124 of the Complaint and, therefore, deny same.

125.    Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 125 of the Complaint and, therefore, deny same.

126.    Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 126 of the Complaint and, therefore, deny same.

127.    In response to Paragraph 127 of the Complaint, Defendants admit that Plaintiff resigned from the fellowship, but deny the remaining allegations contained in Paragraph 127 of the Complaint.

128.    Defendants state that they are without knowledge or sufficient information concerning the allegations contained in Paragraph 128 of the Complaint and, therefore, deny same.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

## COUNT I:   FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

135.    Defendants restate and reallege their responses to Paragraphs 1 through 134 as though fully rewritten and incorporated herein.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the Complaint.

## COUNT II:   DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

144.    Defendants restate and reallege their responses to Paragraphs 1 through 143 as though fully rewritten and incorporated herein.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

### COUNT III: RETALIATION BASED ON DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

153. Defendants restate and reallege their responses to Paragraphs 1 through 152 as though fully rewritten and incorporated herein.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159. Defendants deny the allegations contained in Paragraph 159 of the Complaint.

### COUNT IV: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

160. Defendants restate and reallege their responses to Paragraphs 1 through 159 as though fully rewritten and incorporated herein.

161. Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162. Paragraph 162 of the Complaint sets forth a legal conclusion to which no response is required. To the extent this Court requires a response, Defendants, upon information and belief, admit the allegations contained in Paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164. Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165. Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167. Defendants deny the allegations contained in Paragraph 167 of the Complaint.

## COUNT V:   RETALIATION BASED ON RACE DISCRIMINATION IN VIOLATION OF TITLE VII

168.     Defendants restate and reallege their responses to Paragraphs 1 through 167 as though fully rewritten and incorporated herein.

169.     Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.     Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.     Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.     Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.     Defendants deny the allegations contained in Paragraph 173 of the Complaint.

## COUNT VI:   DISABILITY DISCRIMINATION IN VIOLATION OF OHIO REV. CODE §4112

174.     Defendants restate and reallege their responses to Paragraphs 1 through 173 as though fully rewritten and incorporated herein.

175.     Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.     Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.     Defendants deny the allegations contained in Paragraph 179 of the Complaint.

## COUNT VII:   RETALIATION BASED ON DISABILITY DISCRIMINATION IN VIOLATION OF OHIO REV. CODE §4112

180.     Defendants restate and reallege their responses to Paragraphs 1 through 179 as though fully rewritten and incorporated herein.

181.     Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.     Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.     Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186.     Defendants deny the allegations contained in Paragraph 186 of the Complaint.

## COUNT VII:   RACE DISCRIMINATION IN VIOLATION OF OHIO REV. CODE §4112

187.     Defendants restate and reallege their responses to Paragraphs 1 through 186 as though fully rewritten and incorporated herein.

188.     Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189.     Paragraph 189 of the Complaint sets forth a legal conclusion to which no response is required.   To the extent this Court requires a response, Defendants, upon information and belief, admit the allegations contained in Paragraph 189 of the Complaint.

190.     Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191.     Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192.     Defendants deny the allegations contained in Paragraph 192 of the Complaint.

## COUNT IX:   RETALIATION BASED ON RACE DISCRIMINATION IN VIOLATION OF OHIO REV. CODE §4112

193.     Defendants restate and reallege their responses to Paragraphs 1 through 192 as though fully rewritten and incorporated herein.

194.     Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195.     Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.     Defendants deny the allegations contained in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations contained in Paragraph 197 of the Complaint.

198.     Defendants deny the allegations contained in Paragraph 198 of the Complaint.

## COUNT X:   AIDING AND ABETTING IN VIOLATION OF OHIO REV. CODE §4112.02(J)

199.    Defendants restate and reallege their responses to Paragraphs 1 through 198 as though fully rewritten and incorporated herein.

200.    In response to Paragraph 200 of the Complaint, Defendants state that the statute speaks for itself.

201.    Paragraph 201 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent this Court requires a response, Defendants, upon information and belief, admit the allegations contained in Paragraph 201 of the Complaint.

202.    Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203.    Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204.    Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205.    Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206.    Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207.    Defendants deny the allegations contained in Paragraph 207 of the Complaint.

### PRAYER FOR RELIEF

208.    Defendants deny the allegations contained in the Prayer for Relief section following Paragraph 207 of the Complaint, and further deny that Plaintiff is entitled to any judgment against Defendants or any relief whatsoever.

209.    Defendants deny each and every allegation not specifically admitted herein to be true.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendants do not assume the burden of proving any

16

fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

3.      Plaintiff's Complaint is untimely and is barred by the applicable contractual limitations and/or statute of limitations period.

4.      Plaintiff failed to exhaust her administrative remedies.

5.      To the extent that Plaintiff raises claims that are unrelated to the Charge of Discrimination that she filed with the Equal Employment Opportunity Commission, Plaintiff is barred from pursuing such claims under Title VII and the American with Disabilities Act.

6.      Plaintiff's federal claims are not maintainable with respect to any event or alleged event occurring more than 180 days prior to the date she filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

7.      Plaintiff is estopped by her own actions or omissions from bringing some or all of the claims in the Complaint.

8.      Plaintiff has not sustained any damages proximately or actually caused by Defendants.

9.      Ohio's Tort Reform Act is applicable to this lawsuit and it bars/limits certain remedies sought by Plaintiff.

10.     Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendants: (1) do not rise to the level required to sustain an award of punitive

damages, (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, (3) are not so wanton or willful as to support an award of punitive damages, and (4) do not otherwise entitle Plaintiff to punitive damages.

11.    Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged injuries.

12.    In the event that Defendants discover any after-acquired evidence, Plaintiff's claims against Defendants and/or the relief sought by Plaintiff against Defendants may be barred by the doctrine of after-acquired evidence.

13.    Plaintiff's claims are barred because all decisions and actions toward Plaintiff were taken in good faith and for legitimate, non-retaliatory, non-discriminatory reasons unrelated to Plaintiff's race, disability, or alleged protective activity.

14.    Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendants of discrimination, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

15.    To the extent Plaintiff complained about any alleged unlawful discriminatory conduct, Defendants took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

16.    Plaintiff does not suffer from a disability under R.C. 4112.02 or the Americans with Disabilities Act.

17.    Plaintiff did not request a reasonable accommodation.  To the extent Plaintiff informed Defendants, if ever, that an accommodation was needed, and to the extent that such

accommodation would not cause an undue hardship to the operation of Defendants' business, Defendants made a good faith effort to provide Plaintiff with a reasonable accommodation.

18.     Plaintiff failed to participate and/or cooperate in the interactive process of reasonable accommodation.

19.     Plaintiff's injuries and damages, if any, do not include emotional distress.

20.     To the extent Plaintiff suffered any symptoms of emotional distress or injury; they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendants.

21.     Plaintiff's aiding and abetting claims against Rebello, or any of the other individual Defendants, fail because Rebello and the other individual Defendants did not knowingly do anything which they ought not to which assisted in or affected the doing of the alleged unlawful acts.

22.     Plaintiff's claims are barred, in whole or in part, because a corporation cannot conspire with its management employees.

23.     Some or all of Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

24.     Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendants respectfully request that the claims against them raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in their favor, and that they recover their costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

Respectfully submitted,


/s/ Liana R. Hollingsworth
David A. Campbell, Jr. (0066494)
Liana R. Hollingsworth (0085185)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
200 Public Square, Suite 1400
Cleveland, OH  44114
Telephone:  (216) 479-6100
Facsimile:   (216) 479-6060
Email:      dacampbell@vorys.com
               lrhollingsworth@vorys.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of January, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties, when applicable, by operation of the Court's ECF system. Parties may access this filing through the Court's electronic filing system.  If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via regular United States Mail, postage prepaid, upon the following:

Peter C. Mapley
Brian D. Spitz
The Spitz Law Firm, LLC
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122

*Attorney for Plaintiff*

*/s/ Liana R. Hollingsworth*
Liana R. Hollingsworth (0085185)
Vorys, Sater, Seymour and Pease
LLP 200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: lrhollingsworth@vorys.com

*One of the Attorneys for Defendants*

21